**CLOSED**

                 **UNITED STATES DISTRICT COURT**
                 **DISTRICT OF NEW JERSEY**

_____
                              :
ANTHONY KEVIN FIELDS,         :        Civil No. 09-3376 (RMB)
                              :
            Petitioner,       :
                              :
       v.                     :        **MEMORANDUM OPINION**
                              :
P. SHULTZ,                    :
                              :
            Respondent.       :
_____  :

       It appearing that:

       1.   On July 9, 2009, Petitioner, an inmate serving a

sentence imposed by the District of Columbia who is incarcerated

at FCI Fairton, filed a Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 seeking restoration of 27 days of

good conduct time forfeited as a disciplinary sanction.

       2.   On August 3, 2009, Respondent filed an Answer seeking

dismissal of the Petition, a certification and several exhibits.

       3.   On August 14, 2009, the Bureau of Prisons released

Petitioner from custody.  See Inmate Locator, Fed. Bureau of

Prisons, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction

=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=18555-083&x=7

2&y=18 (last accessed Oct. 19, 2009).

       4.   Article III of the Constitution limits the judicial

power of federal courts to "cases or controversies" between

parties.  U.S. CONST. art. III, § 2.  "The exercise of judicial

power under Art. III of the Constitution depends on the existence

of a case or controversy," and "a federal court [lacks] the power to render advisory opinions."  U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America,  Inc., 508 U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7.

5.  Petitioner's release on August 14, 2009, caused the Petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. Spencer, 523 U.S. at 7.  See Scott v. Holt, 297 Fed. App'x 154 (3d Cir. 2008) (federal prisoner's § 2241 petition challenging loss of good conduct time is moot when he is released).

6.  An appropriate Order accompanies this Memorandum Opinion.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: October 21, 2009